## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| KERRI C. WOOD, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-cv-81487-KLR |
| v. | ) ) ) | |
| J CHOO USA, INC., d/b/a "Jimmy Choo", a Delaware corporation, | ) ) ) | |
| Defendant.<br>_____/ | ) ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE DISCOVERY

Plaintiff, through undersigned counsel, hereby submits her Response in Opposition to Defendant's Motion to Bifurcate Discovery.

## STATUTORY BACKGROUND

Plaintiff brought this putative nationwide class action suit on October 27, 2015, over Defendant's failure to mask the credit card expiration date on electronically printed receipts furnished to customers at its retail outlets in violation of 15 U.S.C. § 1681c(g) of the Fair and Accurate Credit Transactions Act ("FACTA"). [ECF No. 1]. In order to prevail on her claim for statutory damages, Plaintiff must demonstrate that Defendant "willfully" failed to comply with 15 U.S.C. § 1681c(g). *See* 15 U.S.C. § 1681n(a)(1)(A). The Supreme Court addressed conduct constituting a willful violation of the Fair Credit Reporting Act ("FCRA"), of which FACTA is a subsection, in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Under *Safeco*, the term willful "cover[s] not only knowing violations of a standard, but reckless ones as well." *Id.* Recklessness is generally understood at common law as: "action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (quoting *Farmer v.*

*Brennan,* 511 U.S. 825, 836 (1994)). In the context of FACTA, courts have found that a determination of willfulness "requires an objective inquiry into the actor's understanding [of the statute], meeting a standard of 'something more than negligence but less than knowledge of the law's requirements.'" *Armes v. Sogro, Inc.*, 932 F. Supp. 2d 931, 939 (E.D. Wis. 2013) (quoting *Murray v. New Cingular Wireless Servs., Inc.,* 523 F.3d 719, 726 (7th Cir.2008)). Put another way, to prevail on her claim for statutory damages, Plaintiff must make a factual showing that Defendant printed the receipts at issue, and was either aware that FACTA prohibits printing credit card expiration dates on receipts issued at its retail outlets, or that its conduct was not based on "a reading [of the statute] that was merely careless." *Safeco*, 551 U.S. at 69.

## INTRODUCTION

Limiting discovery and briefing in this case to the merits of Plaintiff's individual claim needlessly complicates this matter by creating "an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" Fed. R. Civ. P. 23(c)(1)(a) Notes of Advisory Committee on Rules—2003 Amendments; *see also* Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015) (bifurcation of discovery is often "counterproductive"). The questions presented by this case do not compartmentalize into easily recognizable class and individual issues. Instead, defendant's conduct towards the class has significant bearing on whether Defendant willfully violated the named Plaintiff's rights under 15 U.S.C. § 1681c(g). For instance, Defendant's nationwide policies and procedures relating to truncation of credit card receipts apply equally to Plaintiff's individual and class claims. The existence of these policies, and the uniformity of their application, are relevant in both contexts. Also, the number of allegedly violative receipts Defendant printed is not only essential evidence for class certification on the issue of numerosity, but also to whether Defendant acted recklessly with respect to

Plaintiff individually. If Defendant had issued properly truncated receipts in the past, then Defendant must have been aware of FACTA's requirements at some point. Defendant could not then argue that its violations were the result of a reasonable, albeit incorrect, understanding of the law. Bifurcation in this situation will burden the Court with the unnecessary motion practice required to flesh out the illogical distinction between merits discovery and class certification discovery.

Additionally, Defendant's Motion advances the nonsensical argument that bifurcation will "further allow this Court's decisions on liability and class-certification to be informed by the U.S. Supreme Court's potentially dispositive decision in *Spokeo, Inc. v. Robins*, *cert. granted*, 135 S. Ct. 1892 (2015)." *Spokeo* involves a challenge to Federal Courts' Article III jurisdiction to hear cases involving only statutory damages, and thus could never inform this Court's decision as to liability and class certification. *Id.* Potentially, *Spokeo* could eliminate this Court's ability to hear this case; however, if the Supreme Court finds that no jurisdiction lies, then this action will be re-filed in the appropriate state court. In short, *Spokeo* has no connection to whether discovery should be bifurcated. Any information Plaintiff obtains, whether related to class certification or the merits of Plaintiff's individual claim, will be useful regardless of which court ultimately has jurisdiction to hear this case. *See Keim v ADF Midatlantic, LLC, et al*, Case No. 12-80577-CIV-Marra, Fn. 2 (S.D. Fla. December 17, 2015) (attached as Exhibit A).

Finally, Defendant's conduct in the discovery process to date demonstrates that this motion is a sham designed to hamper Plaintiff's legitimate efforts to build her case. Defendant has failed to respect its own request to limit discovery to the merits of Plaintiff's individual claim, having already propounded written discovery seeking information on Plaintiff's adequacy

as a class representative. The Court should not assist Defendant in this goal by bifurcating discovery and briefing in this case. Defendant's Motion, [ECF No. 20], should be denied.

## STANDARD OF REVIEW

This Court has the ability to order bifurcated discovery pursuant to its inherent power to control its own docket. *See Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2004 WL 609326, at *2 (N.D. Ill. Mar. 23, 2004); *see also Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("we accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling"). In the context of a motion to bifurcate class and merits discovery, courts have considered: "(1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) (*citing* 1 McLaughlin on Class Actions § 3:10 (11th ed. 2014)). Defendant, as the moving party, bears the burden of establishing that bifurcation is appropriate. *Hartley-Culp v. Credit Mgmt. Co.*, No. 3:CV-14-0282, 2014 WL 4630852, at *3 (M.D. Pa. Sept. 15, 2014).

## ARGUMENT

Defendant has failed to demonstrate that its request for bifurcation of discovery and briefing is practical given the overlap between individual and class discovery. Evidence that Defendant acted in reckless disregard for the legal rights of the putative class is relevant to Plaintiff's individual claim, and thus significant overlap exists between class and individual discovery.  Bifurcation will trigger unnecessary discovery motions to determine the boundaries

between class and individual discovery. Additionally, regardless of the outcome of *Spokeo*, bifurcation will not further the goal of judicial efficiency because any discovery taken will ultimately be useful. Finally, bifurcation is not warranted because Defendant seeks only to block Plaintiff's access to information while building its own case against class certification.

**A.      Bifurcation will Cause Confusion and Delay because Class and Individual Issues Overlap**

Where the same facts are relevant to both individual and class claims, bifurcation is inappropriate. *See In re Hamilton Bancorp., Inc. Sec. Litig.*, No. 01CV0156, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) ("when discovery relating to class certification is closely intertwined and enmeshed with merits discovery . . . bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is "merit" verses "class" discovery."); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009) (declining to bifurcate discovery where the operation and scope of the alleged violation were so closely intertwined that it would be arbitrary to distinguish between merits and class discovery); *Bodner v. Paribas*, 202 F.R.D. 370, 373 (E.D.N.Y. 2000) (denying a motion for a protective order seeking to limit discovery to the named plaintiff's claims stating, "[d]iscovery relating to class issues may overlap substantially with merits discovery. A key question in class certification may be the similarity or dissimilarity between the claims of the representative parties and those of the class members"); *see also Mey v. Got Warranty, Inc.*, Case No.15-cv-101, ECF No. 43 (N.D. W.Va November 17, 2015) (attached as Exhibit B) (finding bifurcation "will more likely result in duplicitous discovery, requiring this Court to rule on duplicitous motions; an increase in costs and waste of resources; and an ultimate protraction of the litigation.").

Defendant's Motion fails to propose any meaningful way in which Plaintiff and this Court could distinguish what constitutes "limited discovery necessary for the Court to address the Plaintiff's claim that Jimmy Choo 'willfully' violated the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act and any liability to Plaintiff on a summary judgment basis." [ECF No. 20, p. 1]. Should the Court bifurcate discovery into a phase for Defendant's liability to Plaintiff individually, and a later phase for class certification, Plaintiff would need immediate clarification as to the scope of permissible discovery. For instance, the number of credit and debit card receipts showing the expiration date of the customer's card which Defendant has printed at its retail outlets nationally, as well as the length of time Defendant has been printing such receipts, is essential evidence that the class is sufficiently numerous. However, this evidence is also relevant to Plaintiff's individual claim because it could suggest that Defendant did not follow a uniform policy based on an incorrect but legally supportable interpretation of FACTA. It is unclear from Defendant's Motion whether an interrogatory requesting the number of allegedly violative receipts it printed and the period of time in which they were printed would be within the permissible scope of discovery after bifurcation.

Similarly, Plaintiff is at a loss as to whether Defendant has written policies or procedures in place to ensure FACTA compliance.  If they exist, such policies or procedures would be within the scope of discovery after bifurcation given that these policies are equally relevant to class and individual claims. Virtually all of the evidence that Plaintiff will need to demonstrate that this case is appropriate for class treatment is also evidence she will need to prove her individual claim. As such, bifurcation will not streamline this case, but will instead introduce significant confusion.

Additionally, bifurcation would create other problems that motion practice cannot readily resolve. The deposition of Defendant's corporate representative, as well as of third parties with knowledge of Defendant's systems for printing credit and debit card receipts, will cover issues relevant to both class certification and Plaintiff's individual claim. Without knowing what the deponent will say, it will be impossible for the parties to agree on the precise scope of questioning. Bifurcation would likely require multiple mid-deposition calls to chambers for clarification, or would result in prejudice to Plaintiff should she need to pay for a second deposition to cover topics Defendant refuses to answer as outside the scope of Defendant's liability to Plaintiff individually.

In this case, Defendant has not introduced a clear-cut defense that is unique to Plaintiff's individual claim, such as a statute of limitations argument. Rather, Defendant proposes bifurcation along an issue which it concedes is "common to the entire class." [ECF No. 20, p. 2]. Staying class discovery to focus on a class wide issue makes no sense. Defendant's Motion is devoid of examples of what it means by "issues of whether the Defendant 'willfully' violated FACTA and Plaintiff's individual claim," [ECF No. 20, p. 8], and how such issues differ from class certification issues. Plaintiff suspects that this language is merely a vehicle for refusing to answer any questions that Defendant finds uncomfortable.

**B.**      *Spokeo* **Has no Impact on Discovery in this Case.**

Defendant claims that bifurcation and a stay of "expensive class certification discovery" will conserve resources in the event the Supreme Court issues a decision in *Spokeo* which eliminates this Court's jurisdiction to hear this case. *Id.* at 8. Defendant's reasoning is spurious because regardless of the outcome of *Spokeo*, this case will proceed on a class basis, albeit potentially in a state court which is not constrained by Article III of the Constitution. The FCRA

grants concurrent jurisdiction to state and federal courts: "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, **or in any other court of competent jurisdiction**." 15 U.S.C. § 1681p (emphasis added). There is no barrier to refiling this case if necessary, and this Court has already recognized that class discovery will be useful regardless of the outcome of *Spokeo*. *See* <u>Exhibit A</u>. Defendant's argument is simply inapposite and its Motion should be denied.

### C.      Defendant's Discovery Requests Demonstrate its Motion is a Sham

Shortly after filing this motion seeking a stay of class discovery, Defendant propounded its own discovery requests seeking information on the Plaintiff and her Counsel's adequacy to represent the putative class. *See* attached <u>Exhibits C</u> and <u>Exhibit D.</u>  Defendant's Interrogatories Nos. 12 and 13 respectively request details regarding any agreement for the Plaintiff to act as a class representative and details regarding Plaintiff's contract for representation with her attorneys. Additionally, Defendant's Requests for Production Nos. 12-18 seek all agreements for Plaintiff's representation in this and any other class action, any court filings of any kind concerning any effort for Plaintiff to act as a class representative, any documents concerning communications about being represented in this lawsuit, and any documents describing compensation for Plaintiff's involvement in this matter. These discovery requests are only useful for challenging Plaintiff and her Counsel's adequacy to represent the putative class, and show that Defendant's Motion is a transparent attempt to deprive Plaintiff of information needed to show that this case is appropriate for class treatment, while simultaneously building a case against class certification. This Court should not countenance such duplicitous tactics.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court DENY Defendant's Motion to Bifurcate Discovery.


Dated: January 29, 2016

Respectfully submitted,

By: /s/ *Scott D. Owens*
    Scott D. Owens, Esq.
    Florida Bar No. 0597651
    SCOTT D. OWENS, P.A.
    3800 S. Ocean Drive, Ste. 235
    Hollywood, FL 33019
    Telephone: (954) 589-0588
    Facsimile: (954) 337-0666
    scott@scottdowens.com

    Bret L. Lusskin, Jr., Esq.
    Florida Bar No. 28069
    BRET LUSSKIN, P.A.
    20803 Biscayne Blvd., Ste. 302
    Aventura, FL 33180
    Telephone: (954) 454-5841
    Facsimile: (954) 454-5844
    blusskin@lusskinlaw.com

    Steven R. Jaffe
    Fla. Bar No. 390770
    Seth M. Lehrman
    Fla. Bar No. 132896
    FARMER, JAFFE, WEISSING,
    EDWARDS FISTOS & LEHRMAN, P.L.
    425 North Andrews Avenue, Suite 2
    Fort Lauderdale, FL 33301
    Telephone: (954) 524-2820
    steve@pathtojustice.com
    seth@pathtojustice.com

    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification to all attorneys of record.

*/s/ Scott D. Owens*
Scott D. Owens, Esq.