**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-cv-81487-KLR**

KERRI C. WOOD, individually and
on behalf of others similarly situated,

    Plaintiff,

v.

J CHOO USA, INC., d/b/a "Jimmy Choo",
a Delaware corporation,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL BETTER ANSWERS TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF
DOCUMENTS AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, Kerri C. Wood, through counsel, moves this Court and files this supporting memorandum of law, pursuant to Rule 37, Fed. R. Civ. P., for an order directing Defendant J CHOO USA, INC. d/b/a JIMMY CHOO ("Defendant" or "Jimmy Choo"), to provide better answers to Plaintiff's First Set of Written Interrogatories and First Request for Production. In support hereof, Plaintiff states:

**Introduction**

    Plaintiff brought this putative nationwide class action on October 27, 2015, over Defendant's failure to mask the credit card expiration date on electronically printed receipts furnished to customers at its retail outlets in violation of 15 U.S.C. § 1681c(g) of the Fair and Accurate Credit Transactions Act ("FACTA"). [ECF No. 1]. All credit or debit card purchases made at Jimmy Choo stores in the United States between October 27, 2013 through October 27, 2015 are potentially the subject of this lawsuit.

1

## Items to be Compelled

**Interrogatories** : 1-3, 6, 7, 12, and 13

**Requests for Production ("RFPs")** : 2, 3, and 17

## Plaintiffs' Discovery

On December 15, 2015, Plaintiff served written discovery requests on the Defendant comprised of Requests for Admissions, Interrogatories, and Requests for Production of Documents. The discovery served on Jimmy Choo is attached as Composite **Exhibit A**. Plaintiff sought, amongst other things, discovery that identifies every transaction during the relevant two year period that violated FACTA. On January 19, 2016, Defendant served its responses to the foregoing discovery, which are attached hereto as Composite **Exhibit B**.

Notably, Defendant's responses to Plaintiff's Request for Production were primarily limited to objections and assertions that responsive, non-privileged documents would be "produced within a reasonable time after service of Defendant's Objections, Answers and Responses to Plaintiff's First Set of Written Discovery Requests." *See* Exhibit B. Despite such contentions, documents were not produced by Defendant until February 17, 2016, at which time the Defendant only produced ninety-nine (99) pages of documents. On March 1, 2016, Defendant produced an additional eighty-one (81) pages of documents, consisting of email messages (in pdf format) with attachments relating to Defendant's point-of-sale system, including "Dollars on the Net Job Aid.pdf" which provides instruction on performing different functions in the Dollars on the Net point-of-sale system used by Defendant, and a video (MP4) tutorial titled "Gift Card Purchase and Activation.mp4." This minimal production is patently insufficient considering the fact that there are presumably at least thousands of consumer transactions that are the subject of this action. Given the nature of the case, it is reasonably

anticipated that the responsive documents in the possession of Defendant are voluminous, and consequently have yet to be produced.

## MEMORANDUM OF LAW

Plaintiff brings this motion pursuant to Federal Rule of Civil Procedure 37(a) requesting an order compelling discovery from Defendant. Rather than provide responsive answers to the majority of Plaintiff's discovery requests, Defendant filed form objections including those related to confidential and sensitive personal information of third parties. Despite such objections asserting privilege, Defendant failed to produce a privilege log until February 17, 2016—nearly a month after service of its initial responses and objections. *See* Jimmy Choo Privilege Log attached hereto as Composite **Exhibit C**. Furthermore, Defendant has failed to provide responsive discovery in instances where it does not retain a legal basis to object.

Specifically, Plaintiff's Interrogatory Number 1 merely requests that the Defendant identify each person providing information or documents used to answer Plaintiff's discovery.

> **Interrogatory Number 1:**
> Identify each person that provides information or documents used to answer any Plaintiff's interrogatories, document requests or requests for admission, and identify which information or documents the person provided.
>
> **Response:**
> Jimmy Choo objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of this case. The details requested in this Interrogatory are not necessary to resolving the issues in this case. Jimmy Choo further objects to this Interrogatory on the grounds of attorney-client and attorney work product privileges.

Identifying the person who provides information in response to discovery could not possibly disclose the substance of any privileged information or constitute work product, and the suggestion is entirely illogical. The unsupported overbreadth, burden and proportionality

3

objections are a nullity because, as further detailed below, under the Local Rules of this District and the case law of this Circuit nonspecific objections are ineffective.

The scope of permissible discovery under Rule 26 includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1).

Pertinently, motions to compel are committed to the sound discretion of the court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).  However, "[b]road generalized objections unsupported by memorandum of law or other document are impermissible." *Felicia v. Celebrity Cruises, Inc.*, 286 F.R.D. 667, 670 (S.D. Fla. Nov. 9, 2012); *see also*, L.R. 26.1(e)(2)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state **with specificity** all grounds.") (emphasis added).  In fact, "[t]he Federal Rules of Civil Procedure tolerate a certain amount of 'fishing' for evidence during discovery," and thus an objection should not be sustained if there is a possibility that the matter into which a party is inquiring could reasonably lead to the discovery of relevant evidence. *Id.*at 671 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)); *See also*, *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007).  The discovery Plaintiff propounded is relevant   and proportional.  This discovery seeks information and documents that will: 1) identify the name and number of persons who are members of the proposed class, 2)

4

reveal the identity of individuals with knowledge and information regarding the equipment used to print the violating receipts, 3) provide insight into the circumstances surrounding the transactions, and 4) yield other information that is relevant to this litigation. This discovery is relevant to both class certification issues and identification of members of the proposed class. Efforts by the undersigned to confer with Defendant on this issue have been unsuccessful, and such information is imperative to the investigation of the Plaintiff into the facts and circumstances surrounding the relevant business practices of Jimmy Choo.

Furthermore, Plaintiff seeks to compel discovery identifying all class members. Notably, Jimmy Choo improperly contends that the Plaintiff is only entitled to discovery pertaining to the named Plaintiff and <u>not</u> the proposed class that has not yet been certified by the Court.[1] Specifically, Plaintiff's Interrogatory Number 2 and Interrogatory Number 3, along with the corresponding Request for Production Number 2 and Request for Production Number 3 seek to identify the list of point of sale customer transaction receipts containing the expiration dates of debit or credit cards, printed at a Jimmy Choo location in Florida after October 27, 2013.

> **Interrogatory Number 2:**
> Identify all individuals and transactions for which a point-of-sale customer transaction receipt containing the expiration date of their debit or credit card was printed at a J Choo location in Florida after October 27, 2013, for each such individual and transaction state the date, time, and J Choo location at which the transaction occurred, the transaction authorization code, the type of card used in the transaction (Visa, Mastercard, American Express, Discover, etc.), the PAN of the card used in the transaction (i.e., the card number), and state the total number of such people.

---

[1] Defendant has previously represented to the Court that discovery should be bifurcated insofar as discovery should be limited "to issues of whether the Defendant 'willfully' violated FACTA and Plaintiff's individual claim," and that "[a]ll class discovery, including responses to any discovery requests that already have been propounded on the opposing party, shall be temporarily stayed." [ECF No. 24]. Moreover, Jimmy Choo's position that Plaintiff is not entitled to class certification discovery prior to class certification is patently wrong.

**Response:**
Jimmy Choo objects to the undefined terms "point-of-sale customer transaction receipt," "transaction authorization code," and "PAN of the card used in the transaction (i.e., the card number)." Jimmy Choo objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not **proportional** to the needs of the case.  The details requested in this Interrogatory are not necessary to resolve the issues in this case, and the undue burden or expense to Jimmy Choo of the proposed discovery outweighs its likely benefit. Jimmy Choo further objects to this Interrogatory to the extent it seeks highly confidential and sensitive personal information of third parties (i.e., credit card numbers and transaction history) that also is not relevant to any party's claims or defenses, in addition to confidential proprietary information belonging to Jimmy Choo (i.e., customer lists).(emphasis added)

**Interrogatory Number 3:**
Identify all individuals and transactions for which a point-of-sale customer transaction receipt containing the expiration date of their debit or credit card was printed at a J Choo location in the U.S. after October 27, 2013, for each such individual and transaction state the date, time, and J Choo location at which the transaction occurred, the transaction authorization code, the type of card used in the transaction (Visa, Mastercard, American Express, Discover, etc.), the PAN of the card used in the transaction (i.e., the card number), and state the total number of such people.

**Response:**
Jimmy Choo objects to the undefined terms "point-of-sale customer transaction receipt," "transaction authorization code," and "PAN of the card used in the transaction (i.e., the card number)." Jimmy Choo objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and **not proportional** to the needs of the case.  The details requested in this Interrogatory are not necessary to resolve the issues in this case, and the undue burden or expense to Jimmy Choo of the proposed discovery outweighs its likely benefit. Jimmy Choo further objects to this Interrogatory to the extent it seeks highly confidential and sensitive personal information of third parties (i.e., credit card numbers and transaction history) that also is not relevant to any party's claims or defenses, in addition to confidential proprietary information (i.e., customer lists).

**Document Request Number 2:**
Electronic data sufficient to show the information requested in Interrogatories #2-#3.

**Response:**
Jimmy Choo incorporates by reference its objections to Interrogatory Nos. 2-3.

> **Document Request Number 3:**
> A copy of each J Choo customer and merchant point-of-sale transaction receipt containing the expiration date of a debit or credit card for each individual and transaction responsive to/described in Interrogatories #2-#3.
>
> **Response:**
> Jimmy Choo incorporates by reference its objections to Interrogatory Nos. 2-3.

Such requests seek information pertaining to the central issues in this case. This discovery is probative of several core issues in the instant litigation, including numerosity, commonality, and damages. This discovery will identify every consumer who is a member of the proposed class, each transaction which is the subject of this litigation, the commonality amongst every point of sale receipt that is the subject of this litigation, and the amount of statutory damages at issue. Without this information, Plaintiff will be unable to proceed in investigating and litigating her claim against Defendant. While Plaintiff takes the position that this discovery is imperative on the issues of ascertainability, commonality and damages, Defendant argues that this information is being sought prematurely.

However, prematurity is not a valid defense to compliance with discovery requests. This court should reject Defendant's incorrect notion as the discovery sought from Jimmy Choo in this request directly correlates to Plaintiff's ability to satisfy her burden of proving the elements of class certification. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-2552 (2011). It is a natural consequence that Plaintiff is entitled to this discovery prior to the court's determination on class certification. *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) (holding that the court would need to permit discovery to determine whether a class could be certified and that it was an abuse of discretion to deny class certification without permitting discovery on issues related to certification). Furthermore, the Eleventh Circuit cited three other Circuit Court of Appeal decisions that reversed denials of class certification that were made

without permitting discovery on class certification., on the grounds that such denials were premature without such discovery. *See Mills,* at 1309 *citing Parker v. Time Warner Entm't Co.,* 331 F.3d 13, 21–22 (2d Cir.2003); *Goodman v. Schlesinger,* 584 F.2d 1325, 1332 (4th Cir.1978); and *Yaffe v. Powers,* 454 F.2d 1362, 1366 (1st Cir.1972).

Defendant has objected to the subject interrogatories and document requests on the basis that this discovery is "not proportional to the needs of the case". Under Rule 26, proportionality is a factor that expressly defines the scope of permissible discovery. See Rule 26(b)(1). The Committee Notes provide useful guidance to the parties and the Court on how proportionality issues should be addressed by the parties through their Rule 26 meet and conferral and assessed by the Court:

> Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations.
>
> Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional. The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.

Fed. R. Civ. P. 26, advisory comm. nn. (West 2015).

Defendant failed to identify, discuss or explain any proportionality issues, during the parties Rule 26 meet and conferral telephone conferences or email exchanges. In response to Plaintiff's discovery requests Defendant offered a mere "boilerplate objection that [the requested discovery] is not proportional", notwithstanding the Committee Notes instruction not to do so. *Id.* Defendant offers no discussion or explanation to support its contention that the requested discovery, which is directly probative of the numerosity of the proposed class, is not

8

proportional.

Likewise, Defendant has offered no explanation or analysis of the following proportionality factors that must be assessed to properly assess this issue: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff seeks to vindicate the data privacy rights of thousands of other consumers across the country. Plaintiff estimates, based on the number of Defendant's retail outlets and commercial success, that there are at least thousands of FACTA violations that are the subject of this litigation and that the resulting range of possible statutory damages are likely in the tens or hundreds of millions of dollars. The subject discovery – lists of the subject transactions and customers – is in the exclusive possession, custody and control of Defendant and its service providers. Defendant is a multi-national publicly traded corporation with extensive resources. Defendant has offered no explanation or evidence that the subject discovery would be burdensome or costly to produce. As discussed previously, the subject discovery bears directly on Numerosity, commonality, and damages and is therefore very important to this litigation.

Despite Plaintiff's identification of the importance of this discovery, efforts by the undersigned to confer with Defendant on this issue have been unsuccessful. Consequently, this Honorable Court should grant Plaintiff's motion to compel discovery relating to class certification as it is wholly relevant to Plaintiff's claim at this stage in the litigation and should order Defendant to meet and confer with Plaintiff at a court-supervised discovery status conference concerning proportionality issues.

**Certification Under S.D. Fla. L.R. 7.1**

On February 11, 2016, Plaintiff's counsel Bret Lusskin and Scott Owens and Defendant's counsel Mark Cheskin and Carol Licko, met and conferred through via telephone and later on February 13 and 17, 2016 via email, concerning Defendant's objections to the subject Interrogatories and Requests for Production.  Through these communications, Jimmy Choo represented, that it would produce additional documents responsive to Plaintiff's discovery on or before March 1, 2016.  Specifically, Defendant Jimmy Choo agreed to identify the names of some or all of the individuals contemplated pursuant to Interrogatory Number 6 and Interrogatory Number 7 who may have discoverable information relating to these interrogatories. Moreover, in accord with the requests prefaced in Interrogatory Number 12 and Interrogatory Number 13, along with Request for Production Number 17, Defendant represented that it had obtained access to relevant email accounts, and was conducting an investigation expected to yield relevant information, which would be produced to Plaintiff on or before March 1, 2016.  As stated above, the March 1, 2016 production failed to satisfy such representations.

WHEREFORE, based on the foregoing, Plaintiffs request an Order requiring Defendant to provide Plaintiff with the documents and information requested in Plaintiff's Interrogatory 1, Interrogatory 2, Interrogatory 3, Interrogatory 6, Interrogatory 7, Interrogatory 12, and Interrogatory 13 as well as Request for Production 2, Request for Production 3, and Request for Production 17.  Plaintiff further requests that the Court order Defendant to meet and confer with Plaintiff at a court-supervised discovery status conference concerning proportionality issues.

Dated:  March 4, 2016                              Respectfully submitted,

                                                */s/ Seth M. Lehrman*
                                                Steven R, Jaffe (Fla. Bar No. 390770)
                                                E-mail: steve@pathtojustice.com
                                                Seth M. Lehrman (Fla. Bar No. 132896)
                                                E-mail: seth@pathtojustice.com
                                                FARMER, JAFFE, WEISSING,
                                                EDWARDS, FISTOS & LEHRMAN, P.L.
                                                425 N. Andrews Ave., Suite 2
                                                Fort Lauderdale, Florida 33301
                                                Telephone:  (954) 524-2820
                                                Facsimile:  (954) 524-2822

                                                Scott D. Owens, Esq. (Fla. Bar No. 0597651)
                                                E-mail: scott@scottdowens.com
                                                Patrick Crotty (Fla. Bar No. 108541)
                                                E-mail: patrick@scottdowens.com
                                                SCOTT D. OWENS, P.A.
                                                3800 S. Ocean Drive
                                                Hollywood, FL 33019
                                                Telephone: (954) 589-0588
                                                Facsimile: (954) 337-0666

                                                Bret L. Lusskin, Jr., Esq. (Fla. Bar No. 28069)
                                                E-mail: blusskin@lusskinlaw.com
                                                BRET LUSSKIN, P.A.
                                                20803 Biscayne Blvd., Ste. 302
                                                Aventura, FL 33180
                                                Telephone: (954) 454-5841
                                                Facsimile: (954) 454-5844

                                                *Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

     I hereby certify that on March 4, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification to all attorneys of record.

                                                */s/ Seth M. Lehrman*
                                                Seth M. Lehrman