UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-CV-81487-RYSKAMP/HOPKINS

KERRI C. WOOD, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

J. CHOO USA, INC., d/b/a "Jimmy Choo",
a Delaware corporation,

    Defendants.
_____/

## ORDER ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** comes before the Court *sua sponte*. Defendant's motion to bifurcate discovery **[DE 20]**, filed on January 15, 2016, notes that a pending decision in *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S.Ct. 1892 (2015) ("*Spokeo*") could resolve whether this Court has subject matter jurisdiction to hear Plaintiff's claim under the Fair and Accurate Credit Transactions Act ("FACTA"). Plaintiff responded in opposition **[DE 22]** on January 29, 2016. Defendant replied **[DE 24]** on February 8, 2016.

In the motion to bifurcate, Defendant requests a temporary stay of class certification discovery while dispositive issues of whether Defendant willfully violated the FACTA amendment to the Fair Credit Reporting Act are briefed for summary judgment. **[DE 20]** Defendant argues that, under FACTA's statutory scheme, statutory damages are available only for "willful" violations. 15 U.S.C. § 1681n.

In support of the motion, Defendant argues, among other things, that its proposed discovery schedule will allow this Court's decision to be informed by the pending decision in

*Spokeo*.  Defendant relies on the following cases:  *Guarisma v. Microsoft Corp.*, No. 15-24326-CIV-ALTONAGA, ECF No. 17 (S.D. Fla. Dec. 28, 2015) (staying case and agreeing that a ruling in *Spoke* could "indeed determine the Court's subject-matter jurisdiction over the instant action.").  *Boise v. ACE USA, Inc.*, No. 15-cv-21264, 2015 WL 4077433, at * 6 (S.D. Fla. July 6, 2015) (staying case after noting that "both parties could be harmed by the burden of potentially superfluous litigation" and "without a stay, Defendant will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred if the Supreme Court rules favorably for the Defendant" in *Spokeo*); *Lopez v. Miami-Dade Cnty.*, No. 15-cv-22943, 2015 WL 7202905, at *1 (S.D. Fla. Nov. 6, 2015) ( staying FACTA case in its entirety pending *Spokeo* because the stay would avoid unnecessary expenditures of time and resources, it would not prejudice the plaintiff because a decision is expected within the year, and there is a public interest in judicial economy); *Tel. Sci. Corp. v. Hilton Grand Vacations Co., LLC*, No. 15-cv-969, 2015 WL 7444409, at *3 (M.D. Fla. Nov. 20, 2015) (staying case pending *Spokeo* because it was relatively young and there "is little advantage to proceeding with discovery and motions practice where the viability of much of the claims is to be shortly ascertained").

Plaintiff agrees that "*Spokeo* could eliminate this Court's ability to hear this case," but argues that, if the Supreme Court finds no jurisdiction, then this action will be re-filed in the appropriate state court.  **[DE 22]**.

Although Defendant did not move for a stay of the case, but only class discovery issues, the Court agrees with Defendant that *Spokeo* and the instant case are factually analogous.  Therefore, the outcome of *Spokeo* could determine this Court's subject matter jurisdiction over the instant case.  Accordingly, it is

**ORDERED AND ADJUDGED** that the Clerk of the Court is **DIRECTED** to mark this

case **CLOSED** for administrative purposes only; any pending motions are **DENIED AS MOOT**. All deadlines for filing briefs are tolled during this stay. The Court nonetheless retains jurisdiction, and the case shall be restored to the active docket upon Court order, following a motion of a party.

      **DONE AND ORDERED** at Chambers in West Palm Beach, Florida, this 15 day of March 2016.

                                               /s/ Kenneth L. Ryskamp_____
                                               KENNETH L. RYSKAMP
                                               UNITED STATES DISTRICT JUDGE