UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-81487-BLOOM/Valle

KERRI C. WOOD, *individually and*
*on behalf of others similarly situated*,

    Plaintiff,
v.

J CHOO USA, INC.,
*d/b/a* JIMMY CHOO,

    Defendant.
_____/

## AMENDED SCHEDULING ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. The Court entered a Scheduling Order on June 9, 2016, ECF No. [33] (the "Order"), setting forth the applicable deadlines for the course of the instant matter. In order to afford the parties sufficient time to prepare their case, the Court amends the Order as follows:

This matter is set for trial during the Court's two-week trial calendar beginning on **February 6, 2017, at 9:00 a.m.** Calendar call will be held at **1:15 p.m. on Tuesday, January 31, 2017**. No pre-trial conference will be held unless a party requests one at a later date or the Court determines that one is necessary. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 10-2 at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128**. The parties shall adhere to the following schedule:

    **August 22, 2016.** The parties shall select a mediator pursuant to Local Rule 16.2, shall schedule a time, date and place for mediation, and shall jointly **file a notice, and proposed order scheduling mediation** in the form specified on the Court's website, http://www.flsd.uscourts.gov. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator

on a blind rotation basis.  Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2.  Within **seven (7) days** of mediation, the parties are required to file a mediation report with the Court.  Pursuant to the procedures outlined in the CM/ECF Administrative Procedures, the proposed order is be emailed to bloom@flsd.uscourts.gov in Word format.

**September 2, 2016.**  All motions to amend pleadings or join parties are filed.

**September 9, 2016.**  Parties exchange expert witness summaries or reports.

**September 30, 2016.**  Parties exchange rebuttal expert witness summaries or reports.

**October 24, 2016.**  All discovery, including expert discovery, is completed.

**October 31, 2016.**  Parties must have completed mediation and filed a mediation report.

**November 7, 2016.**  All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed.  **This deadline includes all <u>dispositive motions</u>.**  Each party is limited to filing one *Daubert* motion.  If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted.  **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**  The parties are further reminded that strict compliance with Local Rule 56.1 is mandated.  In addition, any motion for summary judgment accompanied by more than three (3) exhibits shall also be accompanied by a separately-filed index of exhibits.  Each entry shall provide a title and brief description of the document contained therein, and, if available, reference to the docket entry under which the document was filed—e.g. "ECF No. [50-2]."[1]

**January 9, 2017.**  Parties submit joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*.  If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted.  **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

<u>**Jury Instructions and Verdict Form**</u>.  The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on each proposed instruction.  Where the parties do not agree on a proposed instruction, that instruction shall be set forth in

---

[1] The Court's electronic filing system, CM/ECF, times out after approximately twenty (20) minutes of inactivity.  If a party is attempting to upload a sizable document, CM/ECF may time out if upload has not completed within the aforementioned period.  Parties may avoid this issue by breaking large filings into smaller documents.

bold type.  Instructions proposed only by a plaintiff shall be underlined.  Instructions proposed only by a defendant shall be italicized.  Every instruction must be supported by citation to authority.  The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein.  Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be submitted to the Court prior to calendar call, in Word format, via e-mail to bloom@flsd.uscourts.gov.  Instructions for filing proposed documents may be viewed at http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**.  Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are referred to Magistrate Judge Alicia O. Valle.  Furthermore, pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Alicia O. Valle.  **The deadline for submitting a consent is November 7, 2016.**

**Discovery**.  The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions.  The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above.  Stipulations that would so interfere may be made only with the Court's approval.  *See* FED. R. CIV. P. 29.  To the extent not abrogated or contradicted by this Order, all agreements and stipulations entered into between the parties prior to this Order continue to bind the parties.  In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court.  The parties must make every effort to resolve discovery disputes without requiring Court intervention.  Strict compliance with the Local Rules is expected, particularly with regard to motion practice.  *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**.  Magistrate Judge Alicia O. Valle requires an **expedited briefing schedule** and **shortened page limitation** for discovery motions (which must contain the Local Rule 7.1(a)(3) certification of good faith conference) to prevent delay to the pretrial schedule. The parties shall file responses and replies to discovery motions no later than **seven (7) days** after a motion, or response, is filed.  Any discovery motion and response, including the incorporated memorandum of law, shall not exceed **ten (10) double-spaced pages**.  Any reply memoranda shall not exceed **five (5) double-spaced pages**. The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith.

**DONE AND ORDERED** in Miami, Florida, this 15th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record