# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| KERRI C. WOOD, individually and | ) | |
| on behalf of others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-cv-81487-BB |
| | ) | |
| J CHOO USA, INC., d/b/a "Jimmy Choo", | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

---

## OBJECTION OF CYNTHIA WAGNER

---

**NOW COMES** Cynthia Wagner ("Wagner")[1], by and through her undersigned counsel, and submits this objection to the proposed settlement, Class Counsel's request for attorneys' fees, and the incentive award for the named Plaintiff:

> W. Allen McDonald, Esq.
> 249 N. Peters Road, Ste. 101
> Knoxville, TN 37923-4917
> Tel: 865-246-0800
>
> *Counsel for Cynthia Wagner*

---

[1]Wagner received a post card notice of the proposed settlement, identifying her as having made a point of sale purchase at a Jimmy Choo store in the United States and having received a printed receipt that displayed her credit card or debit card expiration date. Wagner submitted a claim on March 16, 2017. She is a citizen of the United States and a resident of the State of Tennessee. Her address is 2110 Cove View Way, Knoxville, TN 37919-9349. Her telephone number is (865) 368-3000. Wagner is not a person or entity excluded from the Class.

I.     PRELIMINARY STATEMENT

Class Counsel filed this case on October 27, 2015, just ten days after Plaintiff purchased a pair of sunglasses at a Jimmy Choo store in Palm Beach Gardens. Plaintiff alleges that after her purchase, she was presented with a printed-receipt containing certain personal credit card information, i.e., the expiration date of her MasterCard. [Doc. 52]. The receipt forms the basis of Plaintiff's action here, alleging violations of Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., as amended (the "FCRA"). [Doc. 1].

About a year later, Plaintiff entered into a settlement of the case for herself and a nationwide class of others for $2.5 Million. Of that sum, Class Counsel seek $833,333.33 as their attorneys' fee, $7,156.11 in expenses, $150,000.00 for notice and administration costs, and $5,000.00 as an incentive award for the named Plaintiff. Thus, the net settlement fund, after deductions of $995,489.44, would be reduced to $1,504,510.56, just 60% of the gross settlement fund. Beyond this, the proposed settlement is rife with problems, not the least of which are:

> (1) Plaintiff lacks Article III standing to maintain this action under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), as she cannot demonstrate the requisite actual "concrete injury." *See Spokeo*, 136 S. Ct. at 1549-50;
>
> (2) Class Counsel made the objection process so confusing that Class members, including Wagner and her counsel, could not help but be baffled by the requirements for objecting, i.e., to object, the Court-approved Class Notice directed Class members to satisfy the specific requirements of the Settlement Website, which directed them to satisfy the specific requirements of the 81-page Settlement Agreement (with exhibits) [Doc. 79-1], which, in turn, came full-circle and directed Class members straight back to the Class Notice;

(3) Class Counsel seek exorbitant attorney's fees – one-third of the gross settlement fund ($833,333.33) – notwithstanding:

■ the fact that the benchmark for fees in this Circuit is 25%;

■ that the case was settled approximately a year after it was filed, and, contrary to Class Counsel's representation that they expended "significant time and effort," the docket simply does not reflect that such a substantial fee is warranted;

■ that Class Counsel have failed to provide any reasonable demonstration of their time spent working on this case, providing only self-serving statements in various declarations;

■ that *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010) imposes a "strong presumption" in fee-shifting cases, including those brought under the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), that the lodestar method will yield the reasonable fee;

■ that as of the objection deadline (March 17, 2017), Class Counsel inexplicably failed to post the motion for attorneys' fees (also the motion for final approval) on the Settlement Website, which omission is contrary to due process and the spirit of Rule 23(h)[2]; and

---

[2]The relevant portions of Rule 23(h) provide:

(1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets.  Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

(2) A class member, or a party from whom payment is sought, may object to the motion.

(4) Class Counsel request a $5,000 incentive award for the named Plaintiff, despite the fact that the record is devoid of evidence that (a) the Plaintiff was an unwilling participant in this case or that she needed to be incentivized to file suit; (b) there is no evidence suggesting that the Plaintiff faced any risks or burdens in undertaking the litigation.[3]

For all of this, the proposed settlement, Class Counsel's fee request of 33% of the gross settlement fund, and the similarly excessive request for a $5,000 incentive award for the named Plaintiff should all be rejected.

## II.   THIS SETTLEMENT DEMANDS STRICTER SCRUTINY

When, as in this case, the Court is asked to certify a class and approve its settlement in a single proceeding, the requirements of Rule 23(a), which are intended to protect the rights of absent class members, "demand undiluted, even heightened, attention." *Literary Works in Elec. Databases Copyright Litig. v. Thomson Corp.*, 654 F.3d 242, 259 (2d Cir. 2011) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).  The role of the district courts in evaluating proposed settlements is akin "to the high duty of care that the law requires of fiduciaries." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002).

## III.   SPECIFIC OBJECTIONS

Class members have a fundamental right to object.  *See Devlin v. Scardelletti*, 536 U.S. 1, 8-9 (2002).  Objectors serve as counterweights to a process that heavily favors settlement approval and its participants – none of whom have any interest in an adversarial debate after a settlement.  It is, therefore, crucial that objectors – who monitor class counsel's conduct – have a full and fair

---

[3]For these reasons, the Court should ensure that the $5,000 is not merely a bounty to disincentivize the Plaintiff from resisting the proposed settlement or otherwise representing absent Class members.

opportunity to participate in the settlement process.  *See e.g.*, Deborah R. Hensler, et al., *Class Action Dilemmas – Pursuing Public Goals for Private Gain,* 491-96 (Rand 2000).

> **A.     Plaintiff lacks Article III standing as she has not demonstrated the requisite concrete injury essential under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).**

Plaintiff has not demonstrated – and cannot demonstrate – the actual "concrete injury" required by *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) to establish Article III standing.  *See Spokeo*, 136 S. Ct. at 1549-50; *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1002-03 (11th Cir. 2016); *Meyers v. Nicolet Restaurant*, 843 F.3d 724, 726-29 (7th Cir. 2016).

Indeed, as the Defendant previously maintained, Plaintiff's alleged harm, *i.e.*, exposure to an elevated risk of identity theft and having to review her own credit card statements to guard against such theft, is simply not an injury-in-fact for purposes of Article III standing.  After all, Plaintiff still is in possession of the receipt that contains her MasterCard credit card's expiration date, and this eliminates any risk of potential fraud.  [Doc. 44].

*Spokeo* is fatal to Plaintiff's case.  There, the Supreme Court considered whether a named plaintiff alleging a statutory violation of the FCRA (of which FACTA is a part) and seeking statutory damages under 15 U.S.C. §1681n – just as Plaintiff does – may proceed without alleging an actual concrete injury. The Supreme Court held that she may not. "Injury in fact is a constitutional requirement," the Court said, "and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Spokeo*, 136 S.Ct. at 1547-48 (citation omitted).  A plaintiff such as Ms. Wood cannot satisfy Article III simply by alleging that a statute conferring a private right of action was violated. *Id*.  Instead, she must also demonstrate that the statutory violation caused an injury that is both

"particularized and concrete." *Id*. at 1545. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Id*. at 1548. The injury must be "'real,' and not 'abstract.'" *Id*. at 1548 (citation omitted). Plaintiff cannot demonstrate such an injury.

Plaintiff's complaint invoked federal-question jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. §1331, by asserting claims under the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), a 2003 amendment to the Fair Credit Reporting Act of 1970 ("FCRA"), 15 U.S.C. §1681 et seq., which (among other things) prohibits vendors accepting credit and debit cards from printing more than the last five digits of the card number on any receipt provided to the cardholder. 15 U.S.C. §1681c(g) ("Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."). [Doc. 1, at ¶2].

§1681o provides that consumers who demonstrate a vendor's negligent failure to comply with this provision may recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. §1681o. § 1681n provides that consumers proving a willful failure to comply may recover either "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. §1681n(a)(1)(A) (emphasis added).

Plaintiff sought relief only "pursuant to 15 U.S.C. § 1681n for statutory damages, punitive damages, attorney's fees and costs" [Doc. 1, at ¶ 62], hoping to avoid any requirement of demonstrating actual damages or concrete injury. However, this is fatal to Article III jurisdiction. According to *Spokeo*, "Article III standing requires a concrete injury even in the context of a

-6-

statutory violation." *Spokeo*, 136 S. Ct. at 1549.   Though Plaintiff allegedly received a receipt revealing to her the expiration date of her credit card. [Doc. 1, at ¶26], this does not allege the required concrete injury in fact.  *See Spokeo*, 136 S. Ct. at 1545, 2547-50; *Meyers v. Nicolet Restaurant*, 843 F.3d 724, 726-29 (7th Cir. 2016); *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1002 (11th Cir. 2016).

Here, no information about Plaintiff was transferred to any third parties when she was handed a credit-card receipt that she recognized included her card's expiration date – information fully in her possession and control.  In short, telling Plaintiff the expiration date of her own credit-card transferred no information to anyone else, and worked no injury to her.

**B.     The Objection Procedure Is Confusing and Appears to Have been Devised by Class Counsel As a Means to Prevent Class Members From Objecting.**

The Class Notice provides:

> "To object, you must make your objection in writing, stating that you object to the settlement in Wood v. J Choo USA, Inc. To be valid, your letter must contain specific information set forth on the Settlement Website."

[Doc. 79-1, at p. 57].  Thus, Class members seeking information about how to object to the proposed settlement are directed to the Settlement Website and warned that their objection must include "specific information" set forth there.  Upon reaching the Settlement Website, Class members will find a lengthy list of "Frequently Asked Questions" ("FAQs") and answers – http://www.choofactasettlement.com/FAQs.  The answer to Question No. 16 provides: "To be valid, your letter must contain the specific information set forth below and in the Settlement Agreement." In other words, Class members may not actually rely upon the Class Notice sent to them to provide

requirements for objecting, as the Class Notice directs them to the Settlement Website and the answer to FAQ No. 16 on the Settlement Website directs them to the Settlement Agreement.

Even worse, the Settlement Agreement itself completes the circle and refers Class members back to the Class Notice which, of course, they would have read to begin the process: "The Class Notice shall also provide a procedure for Settlement Class Members to object to the settlement set forth herein and any of the terms of this Agreement."  [Doc. 79-1, at p. 16].

Frankly, Wagner and her counsel do not know if they have deciphered the correct manner in which they were required to object or listed the ever-evasive "specific information" in the Class Notice and Settlement Agreement.  They believe they have done so, and have made their best efforts, but, as other Class members have likely found and concluded, they simply cannot be certain of this at this time.

For the foregoing reasons, the Court should continue the Fairness Hearing, require the parties to notify Class members and provide them with an appropriate, succinct, and meaningful process by which to object, and allow a reasonable period of time for any objections to be submitted before the rescheduled Fairness Hearing.

**C.** **Class Counsel's Requested Attorney's Fees – One-Third of the Gross Settlement Fund ($833,333.33) – Are Excessive, Under the Existing Circumstances.**

**1.** **Class Counsel have failed to justify an award of attorney's fees in excess of the 25% benchmark for fees in this Circuit.**

The Eleventh Circuit has concluded that the proper manner to calculate attorneys' fees is to identify the fund created for the benefit of the class and to award Class Counsel a reasonable percentage of that fund as an attorneys' fee.  "[I]n this circuit, attorneys' fees awarded from a

common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991).

Here, Class Counsel request 33%, or a fee of $833,333. This sum is $208,333 more than a 25% fee of $625,000. Yet, despite seeking this enhancement, Class Counsel fail to provide a reasonable basis for enhancing their fee above the 25% benchmark. The request would render a substantial windfall to Class Counsel. It has been, after all, a lightly-litigated case, absent class certification proceedings or summary judgment proceedings and lacking aggressive motion practice. And while Class Counsel remark that they have put in "significant time and effort" in the case, the docket – and Class Counsel's own declarations – fail to support that statement. Indeed, the docket lists just eighty-five (85) entries. Moreover, the pre-suit investigation was much-abbreviated, as Plaintiff made her purchase on October 17, 2015 and Class Counsel filed suit on October 27, 2015.[4]

Additionally, Class Counsel support their fee-request with self-serving conclusory declarations that are simply insufficient to demonstrate that their work justifies a 33% attorney's fee.[5] All of this, easily distilled from the Court's docket, suggests the impropriety of Class Counsel's fee request. Put simply, neither the "risks" encountered nor the work performed by Class Counsel warrants one-third of the gross settlement fund in this case.

---

[4]The facts surrounding the filing of the lawsuit suggest a scenario in which the Plaintiff was sent to the Jimmy Choo by Class Counsel to make a purchase in order to base a lawsuit upon her purchase. Of course, if true, Plaintiff's standing to bring suit appears to be even further compromised, for any injury she received would likely have been anticipated or expected by her and her counsel. Nothing other than the time-line in the case suggests this scenario. Additional information or discovery from Class Counsel may be necessary to resolve this issue.

[5]Class Counsel should be required to submit their detailed contemporaneous hours spent in this case for the purpose of conducting a lodestar cross-check against the reasonableness of any proposed percentage fee.

What is more, empirical studies confirm that the percentage requested is substantially above the norm for class action settlements approximating $2.5 Million.  In fact, such studies reveal that fees for settlements in the range of the one at bar range from 26.4% to 29.3%, not one-third.  *See* Theodore Eisenberg & Geoffrey P. Miller, "*Attorney Fees and Expenses in Class Action Settlements: 1993-2008*," 7 J. Empirical Legal Stud. 248, 265 (2010) (finding that between 1993 and 2008, in settlements between $1.1 million and $2.8 million, the median attorney fee was 26.4% and the mean was 27.1%, while in settlements between $22.8 million and $38.3 million, the median attorney fee was 24.9% and the mean was 22.1%); Brian T. Fitzpatrick, "*An Empirical Study of Class Action Settlements and Their Fee Awards*," 7 J. Empirical Legal Stud. 811, 839 (2010) (finding that for settlements ranging from $1.75 million to $2.85 million, the median attorney fee was 29.3% and the mean was 26.5%).

Without an opportunity to review the actual fee motion, which is not posted on the Settlement Website, much less the time records which Class Counsel should have maintained contemporaneously but failed to produce, no Class member can fully assess the reasonableness of the fee.  However, given the paucity of adversarial motion practice, the lack of class certification or summary judgment proceedings, the limited number of hearings and substantive motions briefed, and that no trial occurred, a fee of one-third of the gross settlement fund is excessive and a substantially lower fee should be awarded.[6]

---

[6]This conclusion is further reinforced by the fact that Class Counsel vouch for their experience in cases of this nature. [Doc. 83-3, 83-4, and 83-5].  This experience should have necessarily translated into some economies of scale.  In this case, it plainly did not.

**2.      Under *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010), the Court should apply the lodestar method to arrive at Class Counsel's attorney's fee.**

As in many class action settlements, the person with the most at stake financially in this case is Class Counsel.  This Court's task is to set Class Counsel's fee at a level that will approximate what the market would set.  This task should be accomplished through use of the lodestar method, or at least through a lodestar cross-check, to insure Class Counsel are not overcompensated.

Even if the Court chooses to award Class Counsel a percentage-of-the-fund, the Court at least should consider the attributes of the lodestar method in computing a reasonable attorneys' fee award under a fee-shifting statute.  In *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010), the Supreme Court explained that the "lodestar" method has "become the guiding light of our fee-shifting jurisprudence." *Id.* at 553.  Under federal fee-shifting statutes, there is a strong presumption that the lodestar is sufficient to achieve the objective of a "reasonable fee."  *Id.*

This case is based on a federal statute with a fee-shifting remedy, *i.e.*, FACTA, 15 U.S.C. § 1681(c)(g)(1).  Moreover, if the case was tried and Plaintiff prevailed, Class Counsel's fees would be determined under *Perdue, i.e.,* there would have been a "strong presumption" to limit that Class Counsel to their lodestar.  Accordingly, Class Counsel should not be permitted to sidestep the requirements of *Perdue* simply by negotiating a common fund settlement.  Such a result places form over substance and would put a premium on Class Counsel's ability to settle a case instead of proceeding to trial.  Accordingly, the Court should adopt the lodestar method to set Class Counsel's fee.[7]

---

[7]Alternatively, if the Court declines to apply the lodestar method to award Class Counsel's attorney's fee, the Court should use the lodestar method as a cross-check of the percentage-of-the-fund approach.  *See Pinto v. Princess Cruise Lines*, 513 F. Supp. 2d 1334, 1344 (S.D. Fla. 2007); *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1336 (S.D. Fla. 2001);

For all of this, final approval should be denied, and fees, if awarded, should be limited to 22.5%, or set by the lodestar method.

3.      **Notice violated procedural due process and the spirit of Rule 23(h) by failing to post the motion for attorneys' fees on the Settlement Website to permit them to assess their legal options.**

In addition to sufficient direction to know the manner of objecting, Class members should also have been given adequate information to properly consider whether an objection is warranted. Here, Class Counsel filed their motion for attorneys' fees on February 23, 2017, twenty-two (22) days ahead of the objection deadline.  However, notwithstanding a Settlement Website set up to provide Class members with information about the case and the settlement, Class Counsel failed to post the fee motion on the website.  Thus, Class members who did not have access to PACER could not review the motion and discover Class Counsel's reasoning for seeking 33% of the gross settlement fund.  This omission deprived Class members of "reasonable notice" under Rule 23(h) and requires a supplemental notice or that the proposed settlement be rejected.

The standard for the adequacy of a settlement notice in a class action is measured by reasonableness.  *See* Fed. R. Civ. P. 23(e).  To satisfy due process requirements, the notice must be the "best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  The Eleventh Circuit has interpreted Rule 23 to require that

---

*Ressler v. Jacobson*, 149 F.R.D. 651, 653, n. 4 (M.D. Fla. 1992).

-12-

class members be given "'information reasonably necessary to make a decision [whether] to remain a class member and be bound by the final judgment or opt out of the action.'" *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011).

Notice to the class of its rights and responsibilities, after all, is a keystone of due process: the "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187 (10th Cir. 2002). As the Sixth Circuit recently made clear, class members cannot participate meaningfully in the process contemplated by Federal Rule of Civil Procedure 23(e) unless they can review the bases of the proposed settlement and the other documents in the court record. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 2016 U.S. App. LEXIS 10264, at *21 (6th Cir. 2016).

With respect to attorney's fees, Rule 23(h) allows a court to award reasonable attorneys' fees and costs in a certified class action subject to certain requirements. Under the Rule, a fee petition must be made by motion served on all parties and, when the motion is made by class counsel, notice must be "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). Class members may then object and the court may hold a hearing. Fed. R. Civ. P. 23(h)(2)-(3). Due process and Rule 23(h) thus require that Class members have access to the factual and legal basis for Class Counsel's fee request before their Court-imposed deadline to object.

Here, Class members' deadline for objecting was March 17, 2017.[8] Class Counsel's fee motion was filed on February 23, 2017. [Doc. 83]. However, for inexplicable reasons, Class Counsel did not post the motion on the Settlement Website, forcing Class members to either access

---

[8]Rule 23(h)'s plain language rightly requires that Class members be given an opportunity to object to the "motion" itself, not merely to the notice that such a motion will be filed.

the document at their own cost via PACER if they could or not at all.  Thus, Class members were largely deprived of the opportunity to learn Class Counsel's factual and legal bases for seeking the award.

Every Class member was entitled to know precisely why Class Counsel believe they have earned a fee of this nature *before* their deadline for exercising their legal rights.  There is no justifiable reason for Class Counsel's omission to do such a simple and inexpensive task as posting a document on the Settlement Website with the other documents posted.  Having been deprived of such information, Class members lacked a full and fair opportunity to contest the motion.

According to the Seventh Circuit, class members who are forced to base their objection solely on what is contained within the preliminary notice may be "handicapped by not knowing the rationale that would be offered [in counsel's motion] for the fee request." *Redman v. RadioShack Corp.*, 768 F.3d 622, 638 (7th Cir. 2014).  The Ninth Circuit explained further,

> "[a]llowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members.  It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee."

*In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).  The Court explained that its reasoning is both logical and sound, for during the fee motion stage of the proceedings,

> Because "the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *Id.*  As a fiduciary for the class, the district court must "act with 'a jealous regard to the rights of those who are interested in the fund' in determining what a proper fee award is." *Id.*  Included in that

-14-

> fiduciary obligation is the duty to ensure that the class is afforded the
> opportunity to represent its own best interests.

*Mercury Interactive,* 618 F.3d at 994-95.

Here, the flawed process failed to provide Class members with key information in order to evaluate a fee request that would cost the Class millions of dollars of its recovery.  Accordingly, the Court should reject the settlement on this ground alone.  Alternatively, the Court should continue the fairness hearing and, at a minimum, provide Class members with sufficient time to object to Class Counsel's fee request.

**D.    Due to her limited efforts, the named Plaintiff is not entitled to a $5,000 incentive award.**

Class Counsel seek a $5,000 incentive award for the named Plaintiff.  Whether to approve such an award and, if so, the appropriate amount thereof is reserved to the discretion of the Court. *See In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002).  Factors bearing on the decision include the actions taken by the named plaintiff to protect the class's interests, the degree to which the class has benefitted from those actions, and the amount of time and effort the named plaintiff expended on the litigation.  *Id*.  A key additional consideration is whether an incentive award was necessary "to induce an individual to participate in the suit."  *Fouks v. Red Wing Hotel Corp.*, No. 12-2160, 2013 U.S. Dist. LEXIS 165588, at *2 (D. Minn. Nov. 21, 2013) (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

To be sure, $5,000 is a substantial award in a case as abbreviated as this one.  There are reasonable concerns about a bounty in such circumstances.  *See Shane Grp., Inc. v. Blue Cross Blue Shield*, 2016 U.S. App. LEXIS 10264, at *21 (6th Cir. Mich. 2016).  Nothing presented to Class members or to this Court – at least at this juncture – indicates the basis for such a large award.  There

is no evidence before the Court that the named Plaintiff was an unwilling participant in this case or that she needed to be incentivized to file suit.  *Fouks*, at *2. Nor is there evidence suggesting she "faced any risks or burdens in undertaking this litigation."  *Id*. at *3.  Rather, it appears that the named Plaintiff's contribution to the litigation was limited.

Accordingly, to ensure that the $5,000 is not a bounty, the Court should require Class Counsel to provide specific documentation – in the manner of attorney time sheets – of the time actually spent on the case by the named Plaintiff.  Otherwise, the Court has no basis for knowing whether the award are in fact "a disincentive for the [named] class member[] to care about the adequacy of relief afforded unnamed class members[.]"  *See Shane Group*, at *26.

## IV.    NOTICE OF APPEARANCE, INTENTION TO APPEAR, AND REQUEST TO BE HEARD

**NOTICE** is hereby given that the undersigned counsel is appearing on behalf of Wagner in the above-styled action.  Counsel respectfully requests that he be allowed to be heard *via telephone* at the Fairness Hearing.

## V.    CONCLUSION

For all of these reasons, this Court should (1) reject the proposed settlement, (2) deny Class Counsel's motion for attorney's fees, or alternatively, apply the lodestar method to set Class Counsel's fee; (3) award Class Counsel a substantially lesser amount than they seek; (4) deny the request to award a $5,000 incentive fee to the named Plaintiff, and (5) award such other relief as is just and necessary in this matter consistent with the foregoing.

Respectfully submitted, this 17th day of March, 2017.


/s/ W. Allen McDonald
W. Allen McDonald, Esq.
249 N. Peters Road, Suite 101
Knoxville, TN 379234917
Tel: 865 246 0800

*Counsel for Cynthia Wagner*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was submitted electronically through the

Court's Electronic Filing System ("ECF").  Notice of this filing will be sent by operation of the

Court's ECF to all parties indicated on the electronic filing receipt, including:

Seth M. Lehrman
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. 4
25 N. Andrews Ave. Suite 2
Fort Lauderdale, FL 33301

Mark R. Cheskin
Hogan Lovells US LLP
600 Brickell Avenue
Suite 2700
Miami, FL 33131

This 17th day of March, 2017.

*/s/ W. Allen McDonald*
W. Allen McDonald

-18-

In accordance with the Long Form Notice of the proposed settlement, I hereby state my intention to appear through counsel at the Fairness Hearing.  The basis for my opposition is that standing is lacking, the fees sought by class counsel are excessive, and the notice to class members of the fee motion was inadequate, all as set forth in the written objection prepared by my counsel, W. Allen McDonald.

Cynthia L. Wagner
2110 COVE VIEW WAY
KNOXVILLE TN 37919-9349
(865) 368-3000