UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 15-cv-81487-BLOOM/Valle**

KERRI C. WOOD, *individually and
on behalf of others similarly situated*,

    Plaintiff,

v.

J CHOO USA, INC.,goo
*d/b/a* JIMMY CHOO,

    Defendant.
_____/

## ORDER ON MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE*

**THIS CAUSE** is before the Court upon the Motion of Eric Alan Isaacson for Leave to Appear as *Amicus Curiae*, ECF No. [87] ("Motion"), filed on April 5, 2017. Defendant J Choo USA, Inc. ("Jimmy Choo") filed a response on April 6, 2017, ECF No. [90] ("Response"). The Court has considered the Motion, the Response, the record and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

While the Federal Rules of Appellate Procedure and the Supreme Court Rules provide for the filing of *amicus curiae* briefs, the Federal Rules of Civil Procedure contain no provision regarding the involvement of *amici* at the trial court level. However, the district court possesses the inherent authority to appoint *amici* to assist in a proceeding. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991). "Inasmuch as an *amicus* is not a party and does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*." *News & Sun-Sentinel Co. v. Cox,* 700 F. Supp. 30, 31 (S.D. Fla.1988) (citations and

internal quotations omitted).  Therefore, an *amicus* participates only for the benefit of the court. *A.R. v. Dudek*, 2014 WL 12519764, at * 4 (S.D. Fla. Apr. 7, 2014).  "Further, acceptance of an *amicus curiae* should be allowed only sparingly, unless the *amicus* has a special interest or unless the Court feels that existing counsel need assistance." *News & Sun-Sentinel Co.*, 700 F. Supp. at 32.

Upon review, the Court finds that the Motion is not well-taken.  In the Motion, Mr. Isaacson seeks leave to appear in this matter as *amicus curiae* based upon his asserted interest as a longtime member of the plaintiffs' class action bar, in addition to his status as an objector in a matter currently pending before the Eleventh Circuit Court of Appeals involving issues similar to those currently pending before this Court in the proposed class action settlement.  *See* Motion at 1.  While the Court does not doubt Mr. Isaacson's interest is earnest, the Court is already aware of the issues involved in this matter.  Mr. Isaacson's interest is not special, as he will not be bound by the outcome in this case; rather his concerns and interests will be adequately addressed in his own appeal before the Eleventh Circuit.  Moreover, Plaintiff in this matter is represented by competent and experienced class counsel who, in the Court's view, do not need assistance.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [87]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 7th day of April, 2017.

                                                _____
                                                **BETH BLOOM**
                                                **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record