UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-81487-BLOOM/Valle

KERRI C. WOOD, *individually and
on behalf of others similarly situated*,

      Plaintiff,
v.

J CHOO USA, INC.,
*d/b/a* JIMMY CHOO,

      Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE
## TO TAKE DISCOVERY FROM OBJECTOR CYNTHIA WAGNER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Take Discovery from Objector Cynthia Wagner ("Wagner"), ECF No. [89] ("Motion"). The Court has carefully reviewed the Motion and attachments, the record in this case, and the applicable law, and is otherwise fully advised in the premises. For the reasons stated below, the Motion is denied.

On March 17, 2017, Wagner filed her objection to the proposed settlement, request for attorney's fees, and incentive award for the named Plaintiff in this case. *See* ECF No. [86] (the "Objection"). The bases for Wagner's Objection are that Plaintiff lacks standing, the fees sought by counsel are excessive, and that the notice provided to class members was inadequate and confusing. As such, Wagner intends to appear through counsel at the fairness hearing scheduled before this Court on April 25, 2017. *See* Objection. In the Motion, Plaintiff seeks to depose Wagner to discover her motivation in objecting, the nature of the objection, and whether the objection is in good faith. Furthermore, Plaintiff asserts that Wagner's counsel is a "professional objector," whose sole purpose is to obtain a fee, and not to protect the interests of the settlement

class. While the Court can appreciate Plaintiff's concern regarding Wagner's and her counsel's motivation in objecting, the Court cannot agree that discovery is warranted under the circumstances.

First, Plaintiff contends that permitting the proposed discovery could potentially prevent unnecessary delay that Wagner has now injected into these proceedings. However, by requesting that discovery be permitted a mere two weeks prior to the scheduled fairness hearing, Plaintiff herself is inviting further delay, especially when the objection was filed on the record nearly one month ago. Second, Plaintiff fails to point to a compelling legal basis for permitting such discovery under the circumstances—Rule 23 does not explicitly provide for discovery of an objector's motivation, and neither the parties' Settlement Agreement and Class Notice nor the Court's order preliminarily approving the settlement, ECF No. [80], contain a provision for discovery related to a potential objector. *See e.g. Barron v. Snyder's-Lance, Inc.*, 2016 WL 3913571, at *4 (S.D. Fla. Feb. 12, 2016) (order granting preliminary approval of settlement expressly stated that the filing of an objection allowed class counsel or defendant's counsel to depose the objector); *Bennett v. Boyd Biloxi, LLC*, 2016 WL 2743527, at *6 (S.D. Ala. May 11, 2016) (proposed order permitted expedited discovery of an objector). Therefore, the Court declines to permit discovery, and will consider the merits of the objection and any relevant factors bearing upon it at the scheduled fairness hearing.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [89]**, is **DENIED**.

Case No. 15-cv-81487-BLOOM/Valle

**DONE AND ORDERED** in Miami, Florida, this 10th day of April, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record