**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-cv-81487-BLOOM/Valle**

KERRI C. WOOD, *individually and*
*on behalf of others similarly situated*,

      Plaintiff,
v.

J CHOO USA, INC.,
*d/b/a* JIMMY CHOO,

      Defendant.
_____/

**FINAL ORDER APPROVING SETTLEMENT, APPROVING PROPOSED**
**ALLOCATION OF SETTLEMENT FUNDS, APPROVING CLASS COUNSEL'S**
**APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD**
**<u>FOR CLASS REPRESENTATIVE AND FINAL JUDGMENT</u>**

**THIS CAUSE** is before the Court upon the Motion for Final Approval of Class Action Settlement, Award of Attorneys' Fees and Expenses and Incentive Payment, ECF No. [83] ("Motion"). This Court has carefully reviewed: (a) the Settlement Agreement and Release, including all Exhibits thereto (the "Agreement"), between the Plaintiff, Kerri C. Wood, on behalf of herself and the Settlement Class (as defined therein) and J Choo USA, Inc. ("Jimmy Choo"); (b) the proposed allocation and distribution of funds among the Settlement Class; and (c) Class Counsel's application for attorneys' fees, expenses, and an incentive award for the Class Representative. This Court held a hearing on April 25, 2017 to consider the parties' submissions and arguments; and is otherwise fully informed in the premises. Accordingly, it is

      **ORDERED AND ADJUDGED** as follows:

      1.    This Order of Final Approval and Judgment incorporates herein and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the

terms as defined in the Agreement shall have the same meaning for purposes of this Final Order and Judgment.

2. The Court has personal jurisdiction over the Class Representative, Settlement Class Members, and Jimmy Choo for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3. Based on the record before the Court, including all submissions in support of the Class Settlement set forth in the Agreement, objections and responses thereto, as well as the Agreement itself, the Court certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

> All persons in the United States (i) who, when making a transaction at a Jimmy Choo store (ii) using a credit or debit card (iii) received a printed receipt which displayed the expiration date of said credit or debit card (iv) between October 27, 2013, and November 2, 2015.

4. Excluded from the Settlement Class are Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and their immediate family, and any individual who properly opted out of the Settlement Class pursuant to the procedure described in the Agreement and this Court's Order Granting Preliminary Approval of Settlement, Directing Notice to the Settlement Class, and Scheduling Fairness Hearing, ECF No. [80] ("Preliminary Approval Order").

5. In so holding, the Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for certification of the Settlement Class for settlement purposes: Settlement Class Members, numbering in the thousands, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claim of the Class Representative is typical of the claims of the Settlement Class Members

she represents; the Class Representative has fairly and adequately protected the interests of the Settlement Class with regard to the claims she represents; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of the Litigation.

6. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia*, upon the Court's familiarity with the claims and parties and the negotiation process overseen by Mediator Jay Cohen.

7. The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order.  The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement, and Settlement Class Members' right to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on April 25, 2017, (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and Fed. R. Civ. P. 23.

8. No individuals or entities, other than those listed on Exhibit A hereto, have excluded themselves from the Settlement Class.  This Order shall have no force or effect on the persons or entities listed on Exhibit A hereto.

9. One objection was made to the Settlement, filed by Cynthia Wagner (the "Objector") on March 17, 2017, ECF No. [86], through her counsel W. Allen McDonald.

10. Objector's counsel was given an opportunity to argue the objection. Objector's argument that the notice was inadequate is not supported by the record and the Court notes that the Objector timely responded to the class notice by filing a written objection.

11. The Court considered Objector's assertion that the Court lacked standing. In so doing, the Objector attempted to re-litigate Defendant's prior motion to dismiss by arguing that "Plaintiff lacks Article III standing as she has not demonstrated the requisite concrete injury essential under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). This argument was misplaced given that the Court has previously addressed these issues and held that Plaintiff has standing. *See* ECF No. [52]  Moreover, Objector's standing argument directly conflicts with her putative objective of protecting the Settlement Class and little argument was made as to the fairness, reasonableness, and adequacy of the proposed Settlement.

12. The Court specifically finds that, contrary to Objector's arguments, the Class Notice clearly set forth the objection procedure, and the settlement website satisfied the requirements of the notice plan. These findings are supported by the fact that Class Counsel and the Claims Administrator did not receive any inquiries from Class Members posing questions about the objection procedure. Likewise, the settlement website published the forms of notice and claim form approved by the Court. The notice plan did not require the attorney fee motion to be published to the settlement website. Notice "need not explain . . . all the consequences involved in the settlement" and is "not required to provide a complete source of settlement information" . . . and "class members are not supposed to rely on it as such." *Maher v. Zapata Corp.*, 714 F.2d 436, 452 (5th Cir. 1983) (holding that "court files were open for inspection" and the notice "implicitly invited [class members] to conduct a further investigation, if they so desired, on the basis for, the background of, and the legal implications of the settlement"). The

record before the Court shows that the attorney fee motion was published to the settlement website after the filing of Objector's objection.

13. After considering Objector's Objection, Objector's supplemental filing, Plaintiff's supplemental briefing, the Settlement Agreement, all filings made in connection with the motions for preliminary and final approval, respectively, and having considered the arguments made at the Fairness Hearing, the Court overrules the Objector's Objection.

14. The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and Counsel for Jimmy Choo resulting in the Agreement.

15. The Court finds that the designated Class Representative is an appropriate representative for settlement purposes. The Court finds that Ms. Wood made a transaction at a Jimmy Choo store in the United States, after October 27, 2013, using a credit card, and received a printed receipt that displayed the card expiration date.

16. The Court has considered all of the factors enumerated in Fed. R. Civ. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

17. Pursuant to Fed. R. Civ. P. 23(e), the Court finally approves in all respects the Class Settlement set forth in the Agreement (the "Class Settlement") and finds that the Class Settlement, the Agreement, and the plan of distribution as set forth in Section III.E of the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

18. The Parties are directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement. In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Agreement that (i) are consistent

with this Order of Final Approval and Judgment, and (ii) do not limit the rights of the Settlement Class. The claims in the Litigation against Jimmy Choo by the Class Representative on behalf of herself and the Settlement Class and each Settlement Class Member are dismissed with prejudice and without costs to any party, except as otherwise provided herein.

19. Upon the Effective Date of the Agreement, the Class Representative, the Settlement Class, and each Settlement Class Member, shall have released and forever discharged the Jimmy Choo Releasees (as defined in Section II.N of the Agreement) from their respective Released Claims (as defined in Section II.U of the Agreement), consistent with Section VI of the Agreement.

20. Nothing in this Order of Final Approval and Judgment, the Class Settlement, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Jimmy Choo or any Jimmy Choo Releasee.

21. Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) and 52(a) for an award of attorneys' fees, a reimbursement of expenses, and a $5,000 incentive award to the Class Representative. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

    a. that the Class Settlement confers substantial benefits on the Settlement Class Members;

    b. that the value conferred on the Settlement Class is immediate and readily quantifiable upon this Judgment becoming Final (as defined in the Agreement), as Settlement Class Members who have submitted valid Settlement Claim Forms will receive cash payments

that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Fair and Accurate Credit Transactions Act ("FACTA");

   c. that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

   d. that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

   e. that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Jimmy Choo, and was negotiated in good faith and in the absence of collusion;

   f. that during the prosecution of the claims in the Litigation, Class Counsel incurred expenses at least in the amount of $7,156.11, which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

   g. that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount of one-third of the Settlement Fund ($833,333.33), plus reimbursement of reasonable costs and expenses incurred in the prosecution of the Litigation, all to be paid from the Settlement Fund;

   h. that only one member of the Settlement Class submitted any objection to the award of attorneys' fees and expenses;

   i. that counsel who recover a common benefit for persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); and

   j. the requested fee award is consistent with other fee awards in this Circuit. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999) (affirming

class attorneys' award of 33.3%); *Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, at *4, *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that "the requested fee of 33% is at the market rate which the Class could have negotiated" and was "entirely consistent with the percentage awarded in class actions in the Southern and Middle Districts of Florida"). In addition, the reasonableness of Class Counsel's fee request is further supported by Defendant's reprogramming of its retail point-of-sale system nationwide to stop printing credit card and debit card expiration dates on receipts. This is a significant non-monetary benefit conferred on the Settlement Class.

22. The Court has applied the factors articulated in *Johnson v. Ga. Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of fees and costs requested. The Court finds and concludes that the following applicable *Johnson* factors support the requested award of attorney fees and costs:

    a. *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required work representing Plaintiff and the Class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

    b. *Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including the challenge of proving that Defendant willfully violated the statute and recovery being dependent on a successful outcome, which was uncertain.

    c. *Class Counsel Achieved an Excellent Result for the Settlement Class*

Class Counsel achieved excellent monetary results for Settlement Class Members. Here,

the Settlement produced a Settlement Fund of $2,500,000 for a class of approximately 135,000 persons which will produce a per-person cash benefit that is well within the range of recoveries established by other court-approved FACTA class action settlements. *See*, *e.g.*, *Klingensmith v. BP Prods. N. Am., Inc.*, No. 07-1065 (W.D. Pa. Jan. 6, 2009) (approving class settlement providing $25 for each submitted receipt with maximum payment of $100 per class member); *Tsang v. Zara USA, Inc.*, No. 15-11160 (N.D. Il. Nov. 2, 2016) (approving class settlement providing settlement fund of $424,500 with payment of $100 per class member); and *Betten v. Diamond Wireless, LLC*, No. 13-02885 (C.D. Ca. July 16, 2014) (approving common fund class settlement of $1.25 million with payments of approximately $23 per class member).

        d.  *The Requested Fee is Consistent with Other Consumer Class Settlements*

Many similar consumer class settlements provide for one third of the fund as a reasonable attorneys' fee. *See Legg v. Lab. Corp. of Am.*, 14-cv-61543-RLR, Dkt. 227, p.7 (S.D. Fla. Feb. 18, 2016) (FACTA case awarding one-third of gross recovery for attorneys' fees, plus expenses); *De Los Santos v Millward Brown Inc.*, 13-cv-80670-DPG (S.D. Fla. 2015) (awarding one-third of gross recovery for attorneys' fees); *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99-md-01317-PAS, Dkt. 1557 at 8–10 (S.D. Fla. Apr. 19, 2005) (awarding "33 1/3% of the gross Settlement Fund (plus interest thereon), arising out of the Settlement, before deduction of any costs, expenses, or incentive awards, as their fee award."); *Gutter v. E.I. DuPont De Nemours & Co.*, No. 95-cv-02152-ASG, Dkt. 626 at 7 (S.D. Fla. May 30, 2003) (approving fees of one-third of gross amount of the settlement fund, plus $1.2 million in expenses); *Atkinson v. Wal-Mart Stores, Inc.*, 2011 WL 6846747 at *6 (M.D. Fla. Dec. 29, 2011) (approving fee award of one-third of gross amount of the common fund); *Guarisma v. ADCAHB Med. Coverages, Inc., et al.*, 13-cv-21016, Dkt. 95 (S.D. Fla. June 24, 2015) (awarding one third of the fund, plus costs). This

outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. The record before the Court shows that Class Counsel regularly engage in complex litigation involving consumer issues, and all have been class counsel in numerous consumer class action cases.

e.   *This Case Required a High Level of Skill*

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard fought litigation against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d at 1334.

23.   Accordingly, Class Counsel are awarded $833,333.33 from the Settlement Fund, as their fee award which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Further, Class Counsel are awarded $7,156.11 for their expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.  In addition, the Class Representative is awarded an incentive award of $5,000 which the Court finds to be fair and reasonable, and which amount shall be paid from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded among and between Class Counsel.

24.   Without affecting the finality of this Order of Final Approval and Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Order of Final Approval and Judgment, to protect and effectuate this Order of Final Approval and Judgment, and for any other necessary purpose.  The Class Representative, all Settlement Class Members, and

Jimmy Choo are deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order of Final Approval and Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

25. The Court finds that the *cy pres* distribution proposed by the parties is a permissible method to distribute any unclaimed settlement funds. *See Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x. 429, 435 (11th Cir. 2012). Legal Aid Service of Broward County, Coast to Coast Legal Aid of South Florida and the National Consumer Law Center, each have significant records of providing free civil legal representation, education, and advocacy to low income people on consumer issues. Likewise, courts have recognized that the approval of *cy pres* awards to legal aid and organizations that seek access to justice for low-income, underserved, and disadvantaged people is an appropriate use of the *cy pres* doctrine and undistributed settlement monies in consumer class actions. *See, e.g. Lessard v. City of Allen Park*, 470 F. Supp. 2d 781, 783-84 (E.D. Mich. 2007); *Jones v. Nat'l Distillers*, 56 F.Supp.2d 355, 359 (S.D.N.Y. 1999); and *In re Folding Carton Antitrust Litig.*, MDL No. 250, 1991 U.S. Dist. LEXIS 2553, at *7-8 (N.D. Ill. Mar. 5, 1991). Accordingly, any funds from uncashed settlement checks shall be delivered in equal parts to the following *cy pres* recipients: Legal Aid

Service of Broward County, Coast to Coast Legal Aid of South Florida and the National Consumer Law Center.

26. No Settlement Class Member, either directly, representatively, or in any other capacity shall commence, continue, or prosecute any action or proceeding against any or all of the Jimmy Choo Releasees in any court or tribunal asserting any of the Released Claims defined in the Agreement, and are permanently enjoined from so proceeding.

27. Finding that there is no just reason for delay, the Court orders that this Final Order Approving Settlement, Approving Proposed Allocation of Settlement Funds, Approving Class Counsel's Application for Attorneys' Fees, Expenses and Incentive Award for Class Representative and Final Judgment shall constitute a final judgment.

28. The above-captioned action is **DISMISSED WITH PREJUDICE**.

29. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 8th day of May, 2017.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

Case No. 15-cv-81487-BLOOM/Valle

# **EXHIBIT A**

INDIVIDUALS THAT HAVE PROPERLY EXCLUDED THEMSELVES FROM THE
SETTLEMENT CLASS IN ACCORDANCE WITH THE
ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, DIRECTING
NOTICE TO THE SETTLEMENT CLASS, AND SCHEDULING FAIRNESS HEARING

Patricia Rey