UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-cv-81487-BB

KERRI C. WOOD, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

J CHOO USA, INC., d/b/a "Jimmy Choo",
a Delaware corporation,

    Defendant.
_____/

## RENEWED MOTION FOR LEAVE TO TAKE DISCOVERY FROM OBJECTOR CYNTHIA WAGNER

    Plaintiff, through Class Counsel, hereby submits this renewed motion seeking leave to depose Objector Cynthia Wagner and take written discovery, and as grounds therefor avers as follows:

1. Cynthia Wagner is the sole objector to the class action settlement to which the Court granted final approval on May 8, 2017. [ECF No. 97].

2. Prior to the fairness hearing, Plaintiff moved for leave to take discovery from Objector Wagner. [ECF No. 89].

3. The Court denied Plaintiff's previous motion, in part because "by requesting that discovery be permitted a mere two weeks prior to the scheduled fairness hearing, Plaintiff herself is inviting further delay, especially when the objection was filed on the record nearly one month ago," and because Plaintiff failed to provide a legal basis for permitting such discovery under the circumstances. [ECF No. 92].

4. The Court ultimately overruled Objector Wagner's objection and granted final approval

1

to the settlement on May 8, 2017.  [ECF No. 97].

5. On June 5, 2017, Objector Wagner filed her Notice of Appeal, indicating that she is appealing the Court's final approval order to the United States Court of Appeals for the Eleventh Circuit.  [ECF No. 98].

6. Now that Objector Wagner has filed a Notice of Appeal, Rule 27(b) of the Federal Rules of Civil Procedure provides a basis for taking Objector Wagner's deposition.

7. Accordingly, for the reasons expressed herein, Plaintiff now respectfully renews her request to take discovery from Objector Cynthia Wagner.

8. Pursuant to Rule 27(b)(2) of the Federal Rules of Civil Procedure, the name of the deponent is Cynthia L. Wagner.  Her work address is Lacy, Price & Wagner, 249 N. Peters Rd., Knoxville, TN 37923-4917.

## ARGUMENT

### I. RULE 27(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AUTHORIZES THE TAKING OF DEPOSITIONS AND PRODUCTION OF DOCUMENTS PENDING APPEAL.

The discovery Plaintiff seeks is appropriate. Federal Rule of Civil Procedure 27(b) authorizes the taking of depositions and production of documents pending appeal to ensure the perpetuation of testimony and the preservation of evidence, and to avoid a delay or failure of justice.  The discovery that Plaintiff seeks satisfies these purposes by allowing Plaintiff to uncover, principally, whether Objector-Appellant has brought her objection and subsequent appeal in good faith.  For the reasons expressed herein, this renewed motion should be granted.

While the Court previously denied Plaintiff's motion for leave to take discovery from Objector Wagner [ECF No. 92], it did so because (1) "by requesting that discovery be permitted a mere two weeks prior to the scheduled fairness hearing, Plaintiff herself is inviting further

delay," and because (2) "Rule 23 does not explicitly provide for discovery of an objector's motivation, and neither the parties' Settlement Agreement and Class Notice nor the Court's order preliminarily approving the settlement, ECF No. [80], contain a provision for discovery related to a potential objector." *Id.* at 2.

Now that the Court has entered final approval of the settlement in this matter, and Objector Wagner has filed a Notice of Appeal, these concerns are no longer applicable. First, the discovery sought by Plaintiff can be taken during the pendency of Objector Wagner's appeal. Consequently, there is no danger that any prejudicial delay will be occasioned by granting this motion. Second, although Rule 23 does not explicitly provide for discovery of Objector Wagner's motivation, Rule 27(b) permits the Court to order discovery pending appeal if the testimony "may prevent a failure or delay of justice." This is precisely the case here. For the reasons expressed *infra,* Plaintiff respectfully requests that the Court grant Plaintiff and the Class leave to take the deposition of Objector-Appellant Cynthia Wagner.

## II.   OBJECTOR WAGNER'S COUNSEL IS A NOTORIOUS PROFESSIONAL OBJECTOR, AND HIS MOTIVATION FOR OBJECTING IS DISCOVERABLE.

A.   <u>Objector Wagner's attorney is a notorious professional objector.</u>

After class notice was mailed to over a hundred thousand of class members, only one objection was filed. Objector Cynthia Wagner, who herself is an attorney, is represented by another attorney from her own law firm, W. Allen McDonald. Objector Wagner is a partner at Mr. McDonald's firm, Lacy Price & Wagner.

Objector's counsel, W. Allen McDonald, is a professional objector who makes a living

out of improperly objecting to class settlements.[1] These so-called "serial objectors" typically lose in the district courts, appeal, and then offer to voluntarily dismiss the appeal in exchange for a payoff.[2]

Mr. McDonald is a notorious professional serial objector. *See, e.g., In re Enfamil LIPIL Mktg. & Sales Practices Litig. MDL 2222*, No. 11-MD-02222, 2012 WL 1189763 (S.D. Fla. Apr. 9, 2012). In fact, this court once found Mr. McDonald to have committed improper conduct in lodging an objection. *Id.* at *4. In ruling on a motion for appeal bond, the Honorable Judge James I. Cohn found evidence of bad faith on the part of Mr. McDonald and his client. *Id*. The court cited the fact that the objector was represented by her brother's law firm (Mr. McDonald's firm), and the fact that Mr. McDonald's law firm represented three previous objectors to class settlements. *Id.* (citing *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) ("professional objectors undermine the administration of justice by disrupting settlement in the hopes of extorting a greater share of the settlement for themselves and their clients.")).

Most telling is Judge Cohn's finding about Mr. McDonald himself: "The Court is also troubled that Pack's attorney, **W. Allen McDonald**, offered to withdraw her appeal in exchange for a payment of **$150,000**." *Id.* (emphasis added). "This settlement offer suggests that Pack's

---

[1] *See In re Enfamil LIPIL Mktg. & Sales Practices Litig. MDL 2222*, No. 11-MD-02222, 2012 WL 1189763, at *4 (S.D. Fla. Apr. 9, 2012) (finding evidence of bad faith objection by McDonald and requiring appeal bond because of history of McDonald's firm as serial objectors.)

[2] *See, e.g., Jeannine Miller v. Am. Honda Motor Co.*, No. 10-3157, DE 39, 42 (7th Cir. 2011) (voluntarily dismissing appeal from final approval); *Thompson v. Mattel, Inc.*, No. 10-55609, DE 20, 21 (9th Cir. 2010) (voluntarily dismissing appeal from final approval); *Milliron v. T-Mobile USA, Inc.*, No. 09-3934, DE 31104476669, 3110476915 (3d. Cir. 2011) (stipulating to dismissal of appeal); *see also Blessing v. Sirius XM Radio, Inc.*, 11-cv-3696, 2012 WL 6684572 (2d Circ. Dec. 20, 2012) (denying appeal bond, but finding it "highly unlikely objectors would succeed on appeal"); *Hale v. Wal-Mart Stores*, No. 01-cv-218710 (Mo. Cir. Ct. June 17, 2009) (sanctioning objector for improperly objecting to class action settlement and attempting to intervene).

objections are tied to her ability to garner a windfall for herself rather than ensuring an adequate settlement for the class." *Id.* *See also Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 433 (11th Cir. 2012) (acknowledging that "the district court found little merit to the appeal and found significant evidence of bad faith" on the part of appellant and her counsel, W. Allen McDonald.)

Mr. McDonald has appeared in no fewer than eight (8) class actions as an objector or counsel for an objector. *See In re: Pre-Filled Propane Tank Marketing and Sales Prac. Litig.*, No. 09-MD-02086 (W.D. Mo. 2012); *In re Enfamil LIPIL Mktg. & Sales Practices Litig. MDL 2222*, No. 11-MD-02222 (S.D. Fla. 2012); *Pecover v. Electronic Arts*, No. 08-CV-02820 (S.D. Fla. 2013); *Kolinek v. Walgreen Co.*, No. 13-CV-04806 (N.D. Ill. 2015); *Douglas v. The Western Union Co.*, No. 14-CV-01741 (E.D. Ill. 2016); *Wright v. Nationstar Mortgage*, No. 14-CV-10457 (N.D. Il. 2016); *Muransky v. Godiva Chocolatier, Inc.*, 15-CV-60716 (S.D. Fla. 2016); *Chambers v. Whirlpool Corporation*, 11-CV-01733 (C.D. Ca. 2016). In most of these cases, Mr. McDonald's objections were overruled, and his subsequent appeals failed to benefit anyone. Given this history, coupled with the suspicious substance of the Objection itself (discussed *infra*), Class Counsel believes that Objector Wagner and her counsel have submitted their objection and appeal in bad faith.

B. An Objector's motivation for filing an objection is discoverable.

A class member's motivation for submitting an objection to a class action settlement is discoverable. *See In re Law Office of Jonathan E. Fortman, LLC*, Case No. 4:13MC00042 AGF, 2013 WL 414476 (E.D. Mo. Feb. 1, 2013). "[W]hen assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members

first." *Dennis v. Kellogg Co.*, No. 09-CV-1786-L WMC, 2013 WL 6055326, at *4 (S.D. Cal. Nov. 14, 2013) (quoting *In re Law Office of Jonathan E. Fortman, LLC*, 2013 WL 414476 at *5).

Here, the background of Mr. McDonald and his client are "indicative of a motive other than putting the interests of the class members first." *Id.* In consequence, discovery directed to the motive behind the Objection is highly relevant. *Id.* As the Honorable Judge James Lawrence King explained in *In re Checking Account Overdraft Litig.*:

> As Plaintiffs noted both in their pleadings, *see* Plaintiffs' Response to Objections to Motion for Final Approval of Settlement and Class Counsel's Application for Service Awards and Attorneys' Fees [**DE # 2030**] at 20–22, and at the Final Approval Hearing, ***most if not all of the Objections are motivated by things other than a concern for the welfare of the Settlement Class. Instead, they have been brought by professional objectors and others whose sole purpose is to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto.*** The Court agrees with the court in *Barnes v. Fleet Boston Fin. Corp.,* 2006 U.S. Dist. LEXIS 71072, at *3–4 (D.Mass. Aug. 22, 2006), that, "[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised, gains nothing." *See also In re UnitedHealth Group PSLRA Litig.,* 643 F.Supp.2d 1107, 1108–09 (D.Minn.2009); *O'Keefe v. Mercedes–Benz USA, LLC,* 214 F.R.D. 266, 295 n. 26 (E.D.Pa.2003); *Snell v. Allianz Life Ins. Co. of N. Am.,* 2000 WL 1336640, at *9 (D.Minn. Sept. 8, 2000); *Shaw v. Toshiba Am. Info. Sys., Inc.,* 91 F.Supp.2d 942, 975 (E.D.Tex.2000). As Professor Issacharoff explained, "[t]he unfortunate game is to lodge *pro forma* objections at the trial stage, then negotiate a private resolution in order to drop the invariable notice of appeal. Once the case has progressed beyond the trial court, there is no longer any accountability for side payments to objectors' counsel, and the game is on." Decl. of Prof. Samuel Issacharoff [**DE # 1885–7**], ¶ 33. The Court has nonetheless considered their objections on the merits, and rejects them for the reasons set forth herein. ***Should these or any other Objectors choose to persist in their objections in order to tie up the execution of this Settlement and further delay payment to the members of the Settlement Class, the Court will consider additional measures to make sure that the members of the Settlement Class are not further harmed as a result.*** *See* Supplemental Decl. of Prof. Brian T. Fitzpatrick [**DE # 1885–7**], ¶¶ 11–13 (discussing "objector blackmail" and observing that courts have fought back by sanctioning professional objectors and requiring hefty appeal bonds). And, as Judge Gold noted in the *Allapattah* case, an Objector seeking a fee "for simply filing a claim when Class Counsel has done

6

> all the work" will "[a]t the end of the day ... have to appear before this Court to justify his fees." *See Allapattah Servs., Inc. v. Exxon Corp.,* 454 F.Supp.2d 1185, 1191 (S.D.Fla.2006).

830 F. Supp. 2d 1330, 1362 n. 30 (S.D. Fla. 2011) (emphasis supplied).

Class Counsel respectfully submits that Objector Wagner and her counsel, Mr. McDonald, have submitted an objection "whose sole purpose is to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto." *Id.* Mr. McDonald is a known professional objector, and his "client," Ms. Wagner, is an attorney in Mr. McDonald's own law firm. This is profoundly suspicious, especially in light of Mr. McDonald's history.

Class Counsel anticipates that discovery taken from Objector Wagner will illuminate the true nature of Mr. McDonald's objection practice, as well as the true purpose of the objection itself. This will assist both this Court and the Eleventh Circuit in determining whether Objector Wagner and her counsel have brought the objection in good faith, in light of Class Counsel's anticipated motion for sanctions pursuant to Rule 11.

In consequence, Class Counsel respectfully requests that the Court grant the instant motion and permit Class Counsel to take Objector Wagner's deposition, and serve written discovery.

    C.    <u>The arguments asserted in the Objection are improper and suggestive of an ulterior motive.</u>

The arguments advanced in the Objection are further suggestive of bad faith. In addition to her arguments relating to the class settlement, Objector Wagner and her counsel have made a troubling argument that "Plaintiff lacks Article III standing as she has not demonstrated the requisite concrete injury essential under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)." *Id.* at p. 6. Objector Wagner dedicates pages of her brief to this position, arguing at length that "*Spokeo* is fatal to Plaintiff's case." *Id.* Objector Wagner states that "Plaintiff has not demonstrated –

7

and cannot demonstrate – the actual 'concrete injury' required by *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) to establish Article III standing." *Id.* at 5.  She even attempts to re-litigate the Defendant's own prior motion to dismiss:

> Indeed, as the Defendant previously maintained, Plaintiff's alleged harm, *i.e.*, exposure to an elevated risk of identity theft and having to review her own credit card statements to guard against such theft, is simply not an injury-in-fact for purposes of Article III standing. After all, Plaintiff still is in possession of the receipt that contains her MasterCard credit card's expiration date, and this eliminates any risk of potential fraud.

*Id.*

This argument directly conflicts with Objector Wagner's supposed objective of protecting the settlement class members.  In fact, this argument has nothing to do with the settlement *at all*.  To the contrary, it is a wholly improper argument for an objector, who otherwise purports to represent the interests of the class, to make.  Indeed, if this argument succeeds, it would mean the dismissal of this case and **the total loss of all relief for the class**.

What's more, this argument directly conflicts with Objector Wagner's other arguments.  For example, the objection argues that "Class Counsel seek $833,333.33 as their attorneys' fee, $7,156.11 in expenses, $150,000.00 for notice and administration costs, and $5,000.00 as an incentive award for the named Plaintiff. Thus, the net settlement fund, after deductions of $995,489.44, would be reduced to $1,504,510.56, just 60% of the gross settlement fund." (Obj. of Cynthia Wagner, p. 2).  Thus, on the one hand, Objector Wagner argues that the settlement does not provide enough monetary relief to the class members, while on the other, she argues that the settlement class members should receive nothing.

These contradictory arguments are deeply troubling.  Objector Wagner's argument for dismissal under *Spokeo* is not an "objection" to the settlement at all, but an apparent threat to torpedo the entire case.  Her decision to make this argument looks like a direct attack on the

8

settlement class members.  This Court even acknowledged the impropriety of Objector Wagner's argument in its Final Order Approving Settlement, holding that the challenge to Plaintiff's Article III standing was "misplaced, given that the Court has previously addressed these issues and held that Plaintiff has standing.  ***Moreover, Objector's standing argument directly conflicts with her putative objective of protecting the Settlement Class and little argument was made as to the fairness, reasonableness, and adequacy of the proposed Settlement.***"  [ECF No. 97, ¶ 11] (emphasis supplied; internal citations to the record omitted).

Class Counsel respectfully submits that Objector Wagner's decision to make this argument is inconsistent with her supposed interest in protecting the class.  Instead, it supports Class Counsel's theory that Objector Wagner, along with her counsel, have filed the objection for no other purpose than extorting money from Class Counsel.  A threat to torpedo the entire case is even more ominous than a threat to delay the case through appeal.  They have made this argument in the hopes that it will sufficiently intimidate Class Counsel into paying money to make Objector Wagner and her counsel "go away."

Objector Wagner's troubling argument, along with Mr. McDonald's history as a professional "serial objector," should make the Court suspicious.  Accordingly, Class Counsel respectfully requests leave to take discovery from Objector Wagner.  In doing so, Class Counsel will be able to investigate the true nature and purpose of the Objection.

D.     <u>W. Allen McDonald has a history of attempting to evade judicial scrutiny over his objection practice.</u>

Finally, Mr. McDonald has expressly acknowledged his own notoriety as a professional objector, and actively attempted to deflect judicial scrutiny of objection practice in the past.  In *Muransky v. Godiva Chocolatier, Inc.*, Mr. McDonald represented yet another objector to a class settlement.  S.D. Fla. Case No. 15-cv-60716-WPD (S.D. Fla. Sept. 21, 2016).  After filing his

objection, Mr. McDonald appeared at the final fairness hearing in *Godiva*, and specifically addressed the allegations that he is a "professional objector":

| | |
|---|---|
| MR. MCDONALD: | All right.<br>And, finally, I guess, your Honor, the subject has been made in many of the pleadings, especially those from class counsel, about so-called professional objectors and their histories and their motives. |
| THE COURT: | Did Judge Cohn make some finding on another case about professional objectors? |
| MR. MCDONALD: | I think that Judge Cohn may have used the word "professional objector." I'm not sure. But – |
| THE COURT: | Involving anybody in this case or -- |
| MR. MCDONALD: | Myself, your Honor. |
| THE COURT: | Okay. I mean I got a lot of respect for Judge Cohn, but go ahead. |
| MR. MCDONALD: | Well, frankly, your Honor, I think that the role of the Court here is to look at the merits of the objection, not the person making the objection. |

* * *

| | |
|---|---|
| MR. MCDONALD: | No. But I think that what class counsel is asking the Court to do is to look at the person who's making the objection and what their history is and what motivations that you might attach to anyone that's making these objections, rather than the merits themselves. And -- |
| THE COURT: | Well, I think you look at the merits, unless there's some pattern of abuse, then maybe the pattern of abuse is something that is relevant to some consideration for some issues in the case. But I agree with you that the main focus is the gist of the objections, whether or not the objections cause in my mind there to be a concern about whether this is an appropriate settlement. |
| MR. MCDONALD: | I just wanted to make the point that I was asking the Court to look at the merits of the objection ***and not myself or anybody else and try to look at anybody's history or*** |

> ***anything else in terms of determining what is or what is not a meritorious objection to this settlement***. And I think that the Court agrees with me on that point, seemingly, so I will leave it alone from there.

(Transcr. of Final Fairness Hearing, Sept. 21, 2016, pp. 68-70, attached hereto as *Exhibit A*) (emphasis added).

Mr. McDonald's resistance to judicial examination of his objection practice should make the Court even more suspicious. If Mr. McDonald has indeed built a practice around filing objections for improper purposes, then only judicial scrutiny can stop him. As Justice Brandeis said, "Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman."

In *Godiva*, Judge Dimitrouleas said that, in evaluating an objection, "I think you look at the merits, ***unless there's some pattern of abuse,*** then maybe the pattern of abuse is something that is relevant to some consideration for some issues in the case." *Id.* Class Counsel seeks to investigate whether there is a "pattern of abuse" by Mr. McDonald and his client. Accordingly, Class Counsel urges the Court to permit discovery of Objector Wagner.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to Take Discovery from Objector Wagner.

### L.R. 7.1 CERTIFICATION

The undersigned hereby certifies that on June 14, 2017, the undersigned communicated via email with W. Allen McDonald, counsel for Objector Wagner, and Mr. McDonald related that the instant motion is **opposed**.

Date: June 15, 2017.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*

11

        20803 Biscayne Blvd., Ste 302
        Aventura, FL 33180
        Telephone: (954) 454-5841
        Facsimile: (954) 454-5844
        blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
    Bret L. Lusskin, Esq.
    Florida Bar No. 28069

Scott D. Owens, Esq.
Florida Bar No. 0597651
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive, Ste. 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com

Seth M. Lehrman
Fla. Bar No. 132896
FARMER, JAFFE, WEISSING,
EDWARDS FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
steve@pathtojustice.com
seth@pathtojustice.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Bret L. Lusskin, Esq.
    Bret L. Lusskin, Esq.
    Florida Bar No. 28069